counsel's argument will take the matter under advisement. Getting ready we will call our next case Dewey v. Volkswagen. Dewey v. Volkswagen counsel's argument will take the matter under advicement. Okay. Mr. Pence. Good morning, your honors. May it please the court, my name is John Pence on behalf of Appellants David and Jennifer Murray. This is a pure diversity case. There are no federal claims alleged in this class action. And that means, according to this court's jurisprudence in most recently Chin v. Chrysler, that the amount of attorney's fees is a matter of substantive law that must be determined by reference to the state law that governs, and in this case that would be the law of New Jersey where the district court sits. Well how about Shady Grove, a Supreme Court case? Didn't that say that when we apply federal rules that's governed by, even if there's substantive state law out there, didn't it say we look to federal law when we're applying the federal rules to civil procedure? Well I think what Shady Grove said, your honor, is that for purposes of federal law, class certification is a procedural matter and therefore the federal courts will not look to state law to supplant federal procedure. That's kind of what we're dealing with here, isn't it? No, fees are not procedural in any way. Rule 23H is a procedural law that specifies that a fee request must be made by motion, the class must receive notice, and they must have an opportunity to file objections. And that's as far as it goes. And it says it must be reasonable too. Correct. And it also says it can come from what, two sources, either an agreement of the parties or some law somewhere giving you the authority for it, right? And that law could be a federal law too, couldn't it? Congress passed a law saying you could get fees? No. You don't think Congress could pass a law saying you could get fees in the case? In a diversity case? You don't think they could do that? I don't think they could under Erie, no. So, for instance, if parties acted badly, we couldn't, under Rule 11 or any of the other rules, impose sanctions? Well, sanctions can be imposed, but that's under a different rule. It's not under 23H. I know, but suppose Congress passed a law that said under Rule 23 that, you know, if certain types of things occurred under certain circumstances that Congress found objectionable, that the court could award attorney fees? You don't think Congress could do that? Well, it's possible under the Commerce Clause that the Congress would have the power to do that, but to date they have not done that. You're in federal court now, you know, you're not in the state court. I mean, you don't think the courts can regulate their own business? We would have to look to the states? Well, an award of attorney's fees is not regulating their own business, and the First Circuit in Volkswagen addressed that argument, that the equitable powers of federal courts give it the power to essentially disregard state law. Didn't they really there have to look at the contract to figure out? There wasn't a set amount agreed on. They had to decide what was reasonable under the contract, didn't they? Wasn't that kind of a different situation? No, Your Honor. There was no set amount agreed upon here. In the original appeal in 2010, Volkswagen... I thought when the then magistrate judge approved this that an amount, something around $10 million, was agreed on. Wasn't that agreed on? In this case, before us? The second time around, Your Honor. Volkswagen agreed not to oppose a request up to that amount. They did not agree that that amount was reasonable or earned, or consistent with New Jersey law. Aren't costs in a diversity case matter governed by federal law? Isn't an award of costs? An award of costs probably would. I don't see how there could be a conflict between state law... certain costs could be viewed as awardable under federal law, not awardable. So how is this any different? When a federal court, for example, imposes an appeal bond, it looks to the statute, the state statute, to determine what is a cost in order to determine what things an appeal bond can include. Congress, in 28 United States Code Section 1920, identified those costs that are awarded. And they did it to obtain national uniformity so that things that may be awarded as costs, counsel fees, for example, under state law, won't be awarded as costs under federal law. So how is this any different? We're not appealing the award of costs, number one. And to the extent that there would be a... Why are attorney's fees different than costs? Why? Because they're substantive under Erie and because the state of New Jersey... Who says that? ...has articulated a policy... Who says that they're substantive under Erie? Law. Chinn v. Chrysler, for example, and plenty of other appellate decisions. Now those... Have... But Chinn, of course, predates Shady Grove, and it also predates the Class Action Fairness Act, which is pressed on us as having some sort of effect here. I guess I'm curious to know your response to the assertion by the West Appellees that the Class Action Fairness Act criticizes abuse of upside-down federalism and imposing state law on national class actions. Well, the Class Action Fairness Act does impose certain restrictions on an award of attorney's fees in federal court. And to answer Judge Van Antwerpen's question, there is an example of a statute passed by Congress that does address fees to this extent that if a fee is based on coupons, you have to look at the redemption data. Right, and... But then... Talk to the policy point, which I think the West Appellees were making, which is that CAFA tells you something and Shady Grove tells you something, which is previous assertions that this should be state law are wrong. It's an inversion of what ought to be the case when you're talking about a national class action. Well, again, I disagree with Shady Grove because I think that was limited to a clearly procedural rule, which is class certification. It didn't affect the substantive right that New York had created under a statute. It gave everybody an individual claim under that statute in Shady Grove. And Rule 23, the Supreme Court in Shady Grove merely said that Rule 23 is the procedural rule we're going to look at here. The denial of the right to certify a class in New York is not a substantive part of that law. It's merely aggregation for convenience and economy. Haven't we said, this circuit, haven't we said that Rule 23H makes the courts a fiduciary to protect class members from unreasonable fees? Haven't we said that? Yeah, I believe that was articulated probably in the context of either a securities case or an antitrust case. But that's what we said, right? Right. Well, the state of New Jersey has also seen fit to be a fiduciary on behalf of its citizens, and it has even gone further than apparently the Third Circuit has. But the state of New Jersey says that fees are a matter of procedure, not substance, right? Right. So we're supposed to say, hey, it's substantive for eerie purposes, but once we get to New Jersey, it's all procedural. Does that sound right to you? Well, there is that dichotomy. Federal courts have been comfortable with it and have created that doctrine. Therefore, I would be surprised if Shady Grove intended to sweep all of that away, you know, the entire eerie doctrine in the context of class actions. But I would urge this court, I think In re Volkswagen from the First Circuit got it right. I think the judge was far too comfortable in declaring a split among the circuits, and the class council kind of latched on to that. I mean, we're headed to the Supreme Court if that's the case, because I don't think whatever your view of this, what the rules should be in the wake of Shady Grove, it can't be different. There can't be a split among the circuits on something as fundamental as Eerie v. Tompkins. Okay. Thanks very much, Mr. Pence. Mr. Epstein. Mr. Epstein on behalf, Michael Epstein on behalf of Objective Braverman. I adopt Mr. Pence's arguments with respect to the eerie doctrine, but want to add that with respect to the choice of law, the last time this case was appealed, this panel, a different panel of this circuit said that the issue of the fee, whether it was reasonable or not, would depend, the choice of law question would depend on the settlement agreement. And the settlement agreement the first time said New Jersey law governed. On remand, the parties did not change the choice of law provision. The settlement agreement still states that all provisions are to be construed under New Jersey law. They could have changed the provision. They did not. And I submit to the court that it was not changed because Volkswagen knew that the objectors would raise this again and appeal because they had raised it the last time. All right. I'm wondering if you moved for permissive intervention under 24B in front of the magistrate judge. We moved for intervention as of right, Your Honor, not pervasive. Okay. For clarification. And if I could clarify, the issue of intervention is on the fee issue solely. It's not with respect to fairness. Right. If I could just clarify the issue because that seemed to be confusing. And you were denied under 636A, weren't you? I submit that we were denied under 636C because there was no report and recommendation rendered that we could appeal to the district court. But you didn't appeal to the district court, right? Haven't you waived it then? We submit we did not. Well, we did not appeal. You're right, Your Honor. I agree with you, Judge. But we submit we couldn't appeal because there was not a report and recommendation. It was a final decision because the magistrate judge had – Well, she wrote a decision. Yeah, she did. But we submit that the jurisdiction had already been – she had taken jurisdiction over the entire case. So it was the – what was typed on that first line, the decision versus report and recommendation, that is the basis on which your rights turn? I think that is an important issue, that it was not issued as a report and recommendation with an appellate right pursuant to the rules with timing. I guess I'm wondering if – is it sort of a principle of judicial administration that it really doesn't matter what you call something, it's what it is that matters? I mean, if your assertion is she only had jurisdiction to issue a report and recommendation, why should she not have been treated to issuing a report and recommendation? Why should you not be held to have appealed it as if it were a report and recommendation? If it was a report and recommendation, we did not appeal and it would be deemed waived. I agree with that. It is our position, though, that it was not issued as a report and recommendation. We tried to file it directly with the district court and it was removed to the magistrate judge at the time because at that point she had jurisdiction over the entire case by consent of the parties. Right. So that is our position. I understand – I think – I don't know if I've answered it fully, Your Honor. No, that is a full answer of my question. Thank you. With – just to supplement Mr. Pence's arguments, in addition to the settlement agreement, clause 18.17, we said the district court ignored that choice of law provision by saying in this case Volkswagen and the class agreed to a fee amount. The settlement agreement is not an agreement to the fee. Volkswagen just simply says in the – the settlement agreement says that Volkswagen or the defendants will not oppose the request for a fee up to that amount, but there still has to be a petition. It doesn't say we agree to that amount, which I think in other settlement agreements and class cases, it says we agree to X. And I think Volkswagen's positions for this court and the district court opposing the fee request strongly, and I think their own words were vehemently opposed in one of its briefs, put out many reasons which we adopted. Again, the choice of law provision was not changed. It is a diversity case, and the parties agreed that New Jersey law would govern the settlement agreement, including the request for fees. Well, what's the answer to the argument that if that's accepted, then lawyers – enterprising plaintiff's class action lawyers can pick the law of the most favorable jurisdiction in the country where they know there's not going to be any kind of cap or limitation or close look through that lens on fee awards? And that that – it's a race to the bottom if you open that up. I think the answer is twofold, Judge. The first part is this diversity case that was filed with New Jersey plaintiffs. So if they tried to – if the class counsel tried to find a more favorable law in Michigan or Ohio, I think on its face, that would be problematic. And the secondary issue is – or response is that the district court always has the right to oversee the fee request and as a matter of procedure has to oversee to make sure that the fee is reasonable under the governing law, which we submit here is New Jersey pursuant to the settlement agreement and under ERIE. Briefly, I can see my time is up, is we also submit that, under whether it's state law, it should be lodestar. We also submit that the district court pursuant to our paper's incorrectly applied federal law, it should have been lodestar as well. And on remand, we ask that a full vetting of the lodestar be examined because here it was a summary of just simply a cross-check. All right. Thank you, Mr. Epstein. Mr. Shulman, you've got your 60 seconds. Talk fast. Adam Shulman for the West Appellees. We're content to rest on our brief, but I would welcome any questions from the panel. That's a great argument. Thank you very much. All right. Mr. Chase. Good morning. Jeffrey Chase on behalf of all defendants. We actually thought we won once before this court. We made a motion challenging the Braverman's appeal to the extent they were challenging then-Magistrate Judge Schwartz's order and judgment on fairness. If I understand counsel's representation before this court today that they're not challenging fairness in any way, I will be very brief as well. But I was a bit unclear. That's what I heard him say. He's only here about the fees. Okay. Then I will rest at this point. Thank you. All right. Mr. Slater. I'm not a Jeff Slater. Good morning. Adam Slater from Maisie Slater Katzen Freeman. Thank you. I'm just going to point one thing out on intervention. I don't think I need to talk very much about it. During the final fairness hearing, the first phase of it, Mr. Epstein told Judge Schwartz directly when she asked am I correct that this is a non-dispositive motion and either myself or the district judge can decide it and he said you're correct. That's on pages 73 and 74 of the November 9th transcript. So that was conceded and Judge Schwartz had the right to rely on that. I think that ends that issue. I'd like to go if I could now to the fee issue and I'd like to start with the choice of law provision in the contract because I think that that also if that's considered to be dispositive it's dispositive and Judge Jordan I think for the reason you said earlier the choice of law provision says that the agreement will be construed, enforced, and governed by the substantive laws of New Jersey. Attorney's fees are procedural. We all know that. This court in Chin said that. No, what this court in Chin said was it's substantive for eerie purposes and so we're looking to New Jersey and then when they look to the New Jersey law they accepted the New Jersey court's representation that this was being treated as procedural but that didn't mean they weren't applying New Jersey law. They did apply New Jersey law. They did and obviously I mean if Chin controls aren't you out of the box? No. Chin does not control but I'm just pointing out that point. Chin's not a class action case. It doesn't talk about Rule 23. The issues in this case are not the issues in Chin. It's very interesting and again we chose the procedural law of New Jersey the substantive law of New Jersey because nobody had any intention of jettisoning the federal rules of civil procedure on any issue. The Chin site is very interesting to the issue you brought up where it says for eerie purposes fees are substantive. Then we drop down to a conflicts issue and we say now it's procedural and that's how the California statute wasn't applied. For our purposes in writing that contract we understood that for choice of law purposes not talking about eerie purposes we were choosing only the substantive law of New Jersey Very interesting. The Abrams case is cited for that proposition and I think Abrams and Judge VanAskey I think your question is right on with this. The Abrams case is the case where it was a law against discrimination case in the federal district court. Obviously that statute applied to the fees and then when it got to costs the court very clearly said that Rule 54 D1 applies to costs in the federal court and there's a conflict with the New Jersey costs rule and this court applied the federal rule of civil procedure. Both subsumed by Rule 23H I apologize but they're both covered the same way I think. 23H by it's terms seems to be saying in the application notes hey we're not trying to create some new source of law for fees here so if your assertion is that 23H does somehow create new law how do you get past the application note itself? We don't believe that Rule 23H does create new law. What Rule 23H does is says that the fees must be reasonable and as we pointed out in our brief I think you're pointing out the citation from the Volkswagen case in the first circuit. They only cited that one you have the right to recover the fees if by agreement or by law in this case we had an agreement that the fees would be paid. The amount was set forth with a clear sailing provision and that really is the end of it. We from our perspective don't think there's an Erie issue. We think this is not an Erie problem. If you look at Shady I'm sorry. Because? Because if you look at Shady Grove it says we don't have to go into I think the quote was the murky waters of Erie if you have a federal rule of civil procedure that applies. In fact the advisory committee notes say you should take Rule 23G and 23H together so to untether them other than where you have a state fee shifting statute which is not this case would really be incongruous. Well Mr. Slater you're asking us to overrule our statements that for Erie purposes fee law is substantive. The recent decision of the first circuit should be ignored looking at very similar circumstances and create a new rule which is that 23H is procedural law that overrides state substantive law. Aren't you asking us to walk awfully far out on a plank? No I'm actually asking you not to move because I think all you're doing is clarifying again Chin is I think the case we're talking about it's not a class action case I don't think it controls here. I'm having a hard time seeing how that makes any difference whether it's a class action case or not a class action case it says for Erie purposes fee issues are substantive law. That's the direct language of the case and what difference does it make whether it's a class action or a New Jersey law against discrimination or a slip and fall case? Well I think if you look at the citation where you say that in Chin it cites Abrams and Abrams doesn't really say what is stated in Chin with all due respect. What Abrams says is in a state where a state fee shifting statute controls and there's no federal rule that also applies then you look as a substantive issue. How do we get around what we said though even if assume we thought you were right that the Chin panel got it wrong. It is what it is. It's binding precedential authority from this circuit which this panel doesn't have any right to say hey they got it wrong. I don't agree that it's a change because again Chin does not deal with Rule 23 and the citation is to Abrams, your case, the Third Circuit case where in that case the court says because there was a state fee shifting statute and no federal rule applicable that's what happened in Abrams so it's internally consistent to harken back and clarify and say look in Chin that's where we came out because of the procedural posture because of how that case was set up. It was not a class action. Rule 23 did not apply so you didn't have a conflict between Rule 23H and whatever the state law would be so you don't have that issue in Chin. It's a different case here. There are two different situations and you can't have I don't think there's an internal inconsistency. I think it's just a clarification to make sure you understand when there's a federal rule and this is what Shady Grove says, it's what Sidback says it's what all the Supreme Court cases in that line say that it's not... When you say that's what Shady Grove says Shady Grove seemed to be saying when you have a rule which is clearly procedural and the aspects of not 23H but the pieces of 23 that they were looking at they said this is clearly procedural not substantive it doesn't put you into an eerie problem the... it seems well I'm having a little trouble making the leap that you are saying is no leap to say that 23H if viewed as purely procedural doesn't affect substantive law when there are lots of cases not just Chin but lots and lots of cases that say for eerie purposes fees are substantive law I think to answer the question as best I can rule 23H is clearly procedural anybody can say it any way you want but you can't break apart if it's not procedural my reading of the cases is it's invalid is there a distinction between whether there's a right to attorney's fees and the amount of attorney's fees in other words wouldn't the question of the right to attorney's fees be a matter of state substantive law but if you've agreed to attorney's fees then the fiduciary duty of the court supervising the class action to assure that the fees are reasonable is a procedural matter I would take it a step further and say that the right to attorney's fees is a federal procedural matter and the amount is a federal procedural matter because the rule says reasonable attorney's fees and it would be when you said walk out on the plank you would be running off the plank if you were to change what this court has done in Diatrux that was a state diversity case state law claims nobody mentioned a conflict so as far as this court knew everybody was agreed and satisfied with the application of a particular body of law now maybe somebody should have raised it maybe they should have said wait there's a conflict here but as far as we knew the body of law that we were being asked to apply was consistent with whatever the law was that had to be applied so I don't know that Diatrux helps you too much but if you would in your last few seconds here respond to the assertion that this the magistrate judge when it came back the second time failed to account for the fact that the real amount of the award here was not as large as initially anticipated that you know I think your West appellees say that's an error of uncertain magnitude but there's she kept treating this as $10 million worth of value when everybody seems to agree it's not what are we to do with that first of all it's important to get the right facts in the context because what's been argued to you in the briefs with all due respect is not the accurate facts what happened is there's an $8 million reimbursement fund that is not all of the relief there's $46 million of actual dollars being spent with Volkswagen paying dealers to change and it's never been recognized by the objectors but that's real money that's been spent plus another $1.4 or $1.6 million to Passat and Audi owners that's all real dollars that have been spent now within the reimbursement fund about $5 million of claims have been made against the $8 million there's another five years whereby Volkswagen's going to have the ability to through goodwill when people make claims and say look this has happened to me if it's outside warranty to pay that $3 million out as a matter of good consumer business we would expect they're going to want to do that you're talking about something that is de minimis and I don't really agree Judge Schwartz did and this court it's law of the case found that her valuation was reasonable and that it was appropriate to accept the testimony of the economist to the extent she did because she obviously rejected parts her valuations aren't even found to be reasonable to revisit that at this point I think would be a violation of law of the case and I don't think that there's anything in this record that says there's any significant issue because again the facts with all due respect that are in the briefs that were submitted on this just don't tell what I've just explained which is in our brief okay thank you very much Mr. Slater thank you appreciate everyone's arguments do you have reserved time Mr. Pence yes your honors I have reserved two minutes rebuttal time first of all I want to clarify and correct one thing Mr. Slater said Shin was indisputably a class action case it was filed with class allegations in it was governed by rule 23 the fact that it was later abandoned because Chrysler voluntarily started a recall and therefore a class was never certified doesn't matter that it was a class action or not a class action to the question of whether it's substantive law it only matters to the extent that there's this allegation that rule 23h has somehow altered the analysis and yet I wish that the West objectors had spoken because to me the most interesting argument is that CAFA somehow specifies the amount of the fee as opposed to you know rule 23h is amorphous standard that it needs to be reasonable now where do we find what the content of that word is how do we define that word well CAFA says in a coupon settlement any fee has to be based on redemption data but it also has a subsection b I believe that says for amounts that are non-monetary that are based on an injunctive relief which is essentially what we have here a fee may also be based on class counsel's lodestar and in order to make a lodestar fee analysis we have to refer to some law and that law in this case is New Jersey law it's the only law that's permissible this case only involved New Jersey claims so the choice of law clause in the settlement agreement is almost superfluous as your honor just said Chin established for all New Jersey federal courts that the law that has to be applied to a fee application has to be New Jersey's because New Jersey considers fee attorney's fees to be procedural thank you your honor thank you Mr. Pence appreciate everyone's arguments did you reserve oh okay my apologies Mr. Epstein I'll take half thank you your honor with respect to the question Judge Jordan asked Mr. Slater with respect to on remand Judge Schwartz did not address the five million dollars that have been paid out of the five million had been left I think it's an important question under the baby products case because there have been no other claims at that point only five of the eight million had been paid out so there is three million dollars that is left over that would be paid to charity and that was never reduced from the settlement if we go back under federal law well I answer Mr. Slater's point which is there's several years left here and it's still too early to know how much of that is going to be paid out if we get into an analysis of the claims that were made there was a diminishing number of claims being paid where there just aren't any claims being submitted or very very very few claims being submitted and it's five million out of eight million have been paid I think there's no question that there's going to be a side prey and money is going to be paid to charity I think Judge Schwartz's failure to address that under the baby products case was a mistake and for the other reasons we submitted in our briefs we thought that the money was precisely valued but we still think it's an eerie situation Judge Thank you Alright thank you counsel we'll call our next case